REQUESTED BY: Senator Pat Engel Nebraska Legislature
Although Legislative Bill 1176 died at the close of the 1996 legislative session, we understand that you are contemplating the introduction of similar legislation next year, and so we are responding to your three questions about the bill, in the order presented.
Question 1: Would motor vehicles owned by Native Americans, and exempt under 25 U.S.C. § 479, be considered exempt on the fee-based schedule in LB 1176, if the bill did not specifically exempt those vehicles?
Answer 1: Yes. The motor vehicles owned by Native Americans who lived in Indian country would be considered exempt even if the LB 1176 did not specifically exempt those vehicles.
Discussion:
LB 1176 expressly stated in Section 2 (subparagraph 3) that motor vehicles owned by Indians are exempt from this type of tax.
However, even if the bill did not have this section, motor vehicles owned by Native Americans in Indian country would still be exempt from this type of tax.
Generally speaking, federal Indian laws and treaties pre-empt state laws in Indian country, so, without a specific federal statute delegating jurisdiction over areas of Indian country to a state, jurisdiction within Indian country remains exclusively in federal and tribal hands. As a result, the state would not be able to tax Native Americans who live in Indian country.
The federal government can cede some of its federal jurisdiction over Native Americans to the state. For instance, Congress in 1953 enacted Public Law 280, a specific delegation of jurisdiction to Nebraska and four other states concerning authority over criminal and civil matters arising within Indian country located within their boundaries.
Public Law 280 states that the Federal government is not ceding any power of taxation over the personal or real property of the Native Americans to the states. 18 U.S.C. § 1162.
Furthermore, "The federal purposes implicit in setting aside Indian country for the residents for a tribe — self-government and economic support — preempt state jurisdiction to tax Indians or tribes therein unless Congress authorizes the tax." F. Cohen Handbook of Federal Indian Law, 406 (1982 ed.).
Moreover, in several recent cases, the United States Supreme Court has relied on the doctrine of federal preemption to shield Indians and their business on the reservation from various forms of state and local taxation. McClanahan v. Arizona StateTax Commission, 411 U.S. 164 (1973). Bryan v.Itasca County, 426 U.S. 373 (1976). The court inBryan held that statutory authorization for states to tax reservation Indians would be found only where "Congress has manifested a clear purpose" to allow taxation. 426 U.S. at 392.
Thus, in the absence of an exemption for "Indians" as defined in 25 U.S.C. § 479 in LB 1176, the state would not be able to collect a motor vehicle tax on Native Americans in Indian country. However, Native Americans who do not live in Indian country would have to pay motor vehicle taxes if LB 1176 did not specifically exempt those vehicles.
Question 2: Would the exemption apply to motor vehicles owned by Native Americans whether residing within or outside of Indian country and whether residing within or outside an area retroceded to federal jurisdiction?
Answer 2: Indians as defined in 25 U.S.C. § 479
would be exempt from the fee-based schedule in LB 1176 whether within or outside of Indian country and whether residing within or outside an area retroceded to federal jurisdiction.
Discussion:
The language of LB 1176, section 2(3), stated that motor vehicles owned by Indians as defined in 25 U.S.C. § 479 are exempt. According to 25 U.S.C. § 479, there are three categories of "Indians".
First, an "Indian" includes all persons of Indian descent who are members of any recognized Indian tribe now under federal jurisdiction. . ."
Second, the term also includes all persons who are descendants of such members who were, on June 1, 1934, residing within the present boundaries of an Indian reservation.
Third, it includes those who have one half or more Indian blood.
The case of U.S. v. Moody, 923 F.2d 341 (5th Cir. 1991), addresses the interpretation of federal law. According to this case, words in a statute are to be given their plain and ordinary meaning. Id. at 347. Thus, since this legislative bill exempts those Indians as defined by 25 U.S.C. § 479, this exemption from the motor vehicle tax could apply to any Indian who fit within one of the three categories listed in25 U.S.C. § 479. Whether or not an Indian lives on or off the reservation or an area retroceded to federal jurisdiction would not matter, assuming that the person was within one of the three categories in 25 U.S.C. § 479.
This use of the "Indian" definition of 25 U.S.C. § 479 in LB 1176 would encompass a large body of exempted people. In order to restrict the number of individuals who are exempted from paying taxes on their motor vehicles, LB 1176 could be changed so that it would use a different definition of "Indians". A possible alternative would be to exempt only "Indians" who currently live on a federal reservation, from motor vehicle taxes.
Question 3: Public law 280 does not grant the states any regulatory jurisdiction over Indian country generally other than what they might have under other federal laws. To what extent would state law be allowed to impose or enforce this legislation?
Answer 3: Public law 280 does not give the states any regulatory jurisdiction over Indian country beyond the criminal and civil jurisdiction set down in Public Law 280.
The state would not need to "enforce" LB 1176 since there would be no tax to collect. Since motor vehicles owned by "Indians" would be exempt under LB 1176, states would have nothing to enforce.
Discussion:
Public Law 280 only affects state jurisdiction dealing with criminal and civil causes of action which are within Indian country. In Native Village of Venetie I.R.A. Council v.State of Alaska, 944 F.2d 548 (9th Cir. 1991), the court stressed that the legislative history of Public Law 280 shows that the law was designed to remedy the lack of adequate criminal law enforcement on the reservations. Id. at 560.
Furthermore, the state of Nebraska would not need to "enforce" the non-tax provision against motor vehicles owned by "Indians". Since motor vehicles owned by "Indians", as defined by 25 U.S.C. § 479, would be exempt from taxes, there would be nothing for the state of Nebraska to enforce.
Sincerely yours,
 DON STENBERG Attorney General
 Paul N. Potadle Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General